# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cv-218-JDR-CDL
CONSOLIDATED WITH
Case No. 24-cv-221-JDR-CDL

CLIFTAIN MCLAUGHLIN,

*Plaintiff*,

and

DAYNA MARIE BECK,

*Consolidated-Plaintiff*,

versus

KELSIE TERRELL FORD, *et al.*,

*Defendants*.

## OPINION AND ORDER

Plaintiffs Cliftain McLaughlin and Dayna Marie Beck were driving south on Highway 75 when their car collided with defendant Carrier One Inc.'s semi-trailer, which was driven by defendant Kelsie Terrell Ford. Mr. McLaughlin and Ms. Beck filed separate cases in Tulsa County District Court against Mr. Ford, Carrier One, Loyalty Investment Co., LLC and Carrier One's insurance providers—Fundamental Agency, Inc., Accident Fund Holdings, Inc., and Third Coast Insurance Company. Dkt. 2-2; *Beck*, Dkt. 2-2.[1] Defendants removed both actions to this Court, and the cases have been

---

[1] All citations refer to CMECF pagination. Unless noted otherwise, citations refer to the lead case, *McLaughlin v. Ford, et al.*, No. 4:24-cv-00218-JDR-CDL. Citations referring to the consolidated case, *Beck v. Ford, et al.*, No. 4:24-cv-00221-JDR-CDL will be preceded by "*Beck*".

No. 24-cv-218
c/w No. 24-cv-221

consolidated. Dkt. 11. The insurance defendants moved to dismiss the operative pleadings under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 9. Consistent with the ruling made from the bench at the motion hearing on March 25, 2025, the insurance defendants' motion [Dkt. 9] is granted, and the plaintiffs are granted leave to file a second amended pleading.

When considering whether the plaintiffs' amended petitions state a viable claim for relief against the insurance defendants, the Court must determine whether the pleading contains enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court must accept the plaintiffs' well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiffs. *Melton Truck Lines, Inc. v. Indemnity Ins. Co. of America*, No. 04-CV-0263-EA (J), 2005 WL 8175524, at *1 (N.D. Okla. Jan. 3, 2005) (quoting *Calderon v. Kansas Dept. of Social & Rehabilitation Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999)). The Court must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

The insurance defendants argue that the plaintiffs have not set forth any facts or claims to indicate that the plaintiffs are entitled to seek relief directly from the insurance defendants. Dkt. 9 at 3-6. The plaintiffs respond that they have sufficiently pleaded facts which suggest that they can bring a direct action against the insurance defendants under Okla. Stat. tit. 41, § 230.30. Dkt. 19 at 7-11. The plaintiffs also assert that they have sufficiently pleaded that the insurance defendants are directly liable for negligence due to their level of involvement in Carrier One's day-to-day operations and risk management. *Id.* at 11-13.

No. 24-cv-218
c/w No. 24-cv-221

Under Oklahoma law, an injured party generally cannot bring a direct action against the insurer of an allegedly negligent motor carrier unless authorized by statute. *See, Daigle v. Hamilton*, 782 P.2d 1379, 1380-81 (Okla. 1989). One such statute is Okla. Stat. tit. 47, § 169 which allows an injured party to sue both a motor carrier and its insurance provider if the motor carrier has filed proof of a liability insurance policy with the Oklahoma Corporation Commission. *Id.* at 1381. By its terms, § 169 applies only to intrastate carriers of household goods. *See, e.g., Mason v. Dunn*, No. CIV-14-282-KEW, 2016 WL 1178058, at *2 (E.D. Okla. Mar. 23, 2016); *see also White v. Lewis*, No. CIV-13-862-C, 2014 WL 7272464, at *1 (W.D. Okla. Dec. 18, 2014). The Oklahoma Motor Carrier Act of 1995, Okla. Stat. tit. 47, § 230.21 *et seq.*, expanded the ability to sue insurers directly where the motor carriers operate or furnish service within Oklahoma and have filed proof of a liability insurance with the OCC.

In *Fierro v. Lincoln Gen. Ins. Co.*, the Oklahoma Court of Civil Appeals recognized that neither § 169 nor § 230.30 applies to interstate motor carriers of any kind. 217 P.3d 158, 160 (Okla. Civ. App. 2009); *see Simpson v. Litt*, No. CIV-17-339-R, 2017 WL 2271484, at *2 (W.D. Okla. May 23, 2017). Applying that logic, federal courts have consistently held that an injured party may only assert a direct action against an interstate carrier's insurance company if the insurance company has filed proof of insurance in Oklahoma. *Id.* at *3 (collecting cases). Thus, the question before the Court is whether the plaintiffs have sufficiently alleged that Carrier One is either an intrastate motor carrier or is an interstate motor carrier that has registered and filed a certificate of insurance with the OCC.

The operative pleadings allege that Carrier One is a foreign corporation doing business in the State of Oklahoma [Dkt. 2-2 at 1-2 (¶ 2); *Beck*, Dkt. 2-2 at 2 (¶ 4)]. Plaintiffs also allege that at the time of the collision the insurance defendants insured Carrier One and its drivers. Dkt. 2-2 at 10 (¶ 72);

No. 24-cv-218
c/w No. 24-cv-221

*Beck*, Dkt. 2-2 at 3-4 (¶ 24). The pleadings make no mention of whether Carrier one has registered and filed a certificate of insurance with the OCC. These allegations do not plausibly suggest that the plaintiffs can hold the insurance defendants directly liable under § 169 or § 230.30. *See, e.g., Bales v. Green*, No. 19-CV-00154-GKF-JFJ, 2019 WL 13197798, at *2 (N.D. Okla. May 13, 2019) (stating that a plaintiff must plead that the motor carrier was required to be and was licensed with the OCC) (collecting cases).

Next, the Court turns to whether the plaintiffs have sufficiently pleaded enough facts to state a claim for relief from the insurance defendants because of their "actions and/or omissions ... that directly caused [plaintiffs'] injuries and damages." Dkt. 19 at 3-4. The plaintiffs direct the Court to several paragraphs in Mr. McLaughlin's amended petition [Dkt. 2-2] in which he makes allegations[2] against "defendants" generally, rather than identifying a specific defendant. Dkt. 19 at 3. These allegations, they contend, lead to the plausible conclusion that the insurance defendants can be held independently negligent for the collision because of a nexus or connection to Carrier One's day-to-day operations and risk management. Dkt. 19 at 11-13.

---

[2] Plaintiffs allege that the defendants' actions or omissions caused: "the semi-truck and trailer to block, impede, hinder, and/or obstruct the lanes of Highway 75" [Dkt. 2-2 at ¶ 22]; plaintiffs' vehicle to be unable to "pass and/or drive around Defendants' trailer" [*Id.* at ¶ 25]; plaintiffs' vehicle to come into contact with the trailer [*Id.* at ¶ 27]; "the rear-axle to separate, detach and/or dislodge from Defendants' trailer" [*Id.* at ¶ 32]; the collision and plaintiffs' injuries [*Id.* at ¶¶ 34-36, 127, 129]; the unsafe and unlawful conditions of the collision [*Id.* at ¶¶ 51-52]; the trailer to fail to yield to plaintiffs' right of way [*Id.* at ¶ 79]. Further, plaintiffs allege that the defendants "were negligent *per se* and/or liable per *res ipsa loquitur* due to the violations and/or broken laws which directly caused injuries and damages to Plaintiff." *Id.* at ¶ 71. They also allege that the defendants violated their "responsibility to follow laws, rules of the road and/or safety rules on the date and time of this collision" [*Id.* at ¶¶ 121, 122], the defendants breached duties owed to the plaintiffs [*Id.* at ¶ 123], and because of the breach, defendant should fully compensate plaintiffs for their injuries and damages [*Id.* at ¶ 125].

No. 24-cv-218
c/w No. 24-cv-221

"'The threshold question for negligence suits is whether a defendant owes a plaintiff a duty of care.'" *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1228 (10th Cir. 2007) (quoting *Iglehart v. Bd. of Cty. Comm'rs of Rogers Cty.*, 60 P.3d 497, 502 (Okla. 2002)). The plaintiffs do not identify, and the Court is not aware of any authority establishing that a motor carrier's insurer owes an injured party a duty of care based on the insurance provider's involvement in the motor carrier's risk management. Accordingly, the plaintiffs have failed to plausibly allege a claim for direct negligence against the insurance defendants because of their relationship with Carrier One. The insurance defendants' motion to dismiss [Dkt. 9] is granted. The plaintiffs are granted leave to amend and have until April 15, 2025, to do so.

DATED this 27th day of March 2025.

_____
JOHN D. RUSSELL
United States District Judge